IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| VIRGINIA RODRIGUEZ | § | |
| *Plaintiff* | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. _____ |
| | § | |
| CT RESTAURANTS, L.P and | § | |
| MAYDA RODRIGUEZ | § | |
| *Defendants* | § | |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME CT Restaurants, L.P. and Mayda Rodriguez, the Defendants herein, and file this, their Notice of Removal pursuant to 28 U.S.C. § 1332, 1441 and 1446, and state in support thereof:

***Removed Action and Parties.***

1.      Plaintiff's lawsuit arises from an alleged fall which Plaintiff alleges she suffered at Defendant's premises prior to the filing of Plaintiff's Original Petition.  Plaintiff seeks actual damages, past and future physical pain and suffering, past and future mental anguish, past and future physical impairment, and past and future medical expenses.

2.      Pursuant to 28 U.S.C. § 1441, and the following, this civil action is removed from the 197th Judicial District Court of Willacy County, Texas, where this matter was pending under Cause No. 2023-CV-0371-A, in a matter styled, *Virginia Rodriguez v. CT Restaurants, L.P and Mayda Rodriguez*.

***Diversity Jurisdiction***.

3.      This court has diversity jurisdiction over this action.  28 U.S.C. § 1332.  This action therefore is removable on that ground.  28 U.S.C. § 1441(a).

***Citizenship of Parties***

4.      Plaintiff is an individual residing in Willacy County, Texas.

5.      Defendant CT Restaurants, L.P., is a citizen of Delaware and Georgia. Specifically, it is a limited partnership formed in Texas, so its citizenship is determined by the citizenship of its owners. See Corfield v. Dallas Glen Hill LP, 355 F.3d 853, 856 n.3 (5th Cir. 2003). CT Restaurants, L.P., is owned entirely by two limited liability companies (LLCs): Cajun Holdings of Texas, LLC, and Church's Texas Holdings, LLC. Like a limited partnership, an LLC's citizenship is determined by that of its owners. See Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1080 (5th Cir. 2008). Both of those LLCs are owned 100% by Cajun Operating Company, which means that CT Restaurants, L.P. has the same citizenship. Cajun Operating Company is a citizen of Delaware and Georgia. Specifically, it is a Delaware corporation with its principal place of business in Georgia. See 28 U.S.C.S. § 1332(c)(1); Lincoln Prop. Co. v. Roche, 546 U.S. 81, 94 (2005).

6.      Defendant Mayda Rodriguez was at the time this suit was filed and is presently a resident and citizen of the State of Texas. However, she is improperly joined in an attempt to prevent removal, and therefore, her citizenship is disregarded for purposes of determining diversity jurisdiction.

***Improper Joinder***

7.      The improper joinder doctrine prevents plaintiffs from defeating diversity jurisdiction simply by naming a defendant who shares a plaintiff's state citizenship. 28 U.S.C. § 1441(b) (providing for removal jurisdiction in diversity cases if none of the "parties in interest *properly* joined and served as defendants is a citizen of the State in which such action is brought.") (emphasis added). There are two ways to establish

improper joinder: "(1) actual fraud in the pleading of the jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). Only the latter method is at issue in this case. To assess whether a plaintiff can establish a cause of action against a non-diverse party in state court, courts conduct a Rule 12(b)(6)-type analysis. *Int'l Energy Ventures Mgmt., LLC v. United Energy Grp. Ltd.*, 818 F.3d 193, 200 (5th Cir. 2016).

8.      In Texas, individual liability arises only when the officer or agent owes an independent duty of reasonable care to the injured party apart from the employer's duty of care. *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996); *see also Tri v. J.T.T.*, 162 S.W.3d 552, 562 (Tex. 2005) (extending *Leitch* holding to premises liability cases). Thus, following *Tri*, "[t]here is no reasonable possibility that a plaintiff can bring a claim under Texas law against a store manager for duties performed within the scope of the employee's duties." *Solis v. Wal-Mart Stores E., L.P.*, 617 F.Supp. 2d 476, 481 (S.D. Tex. 2008).

9.      There is no possibility that the Plaintiff can state a claim against Mayda Rodriguez. Rodriguez was in a managerial position at the Church's Chicken location at issue, and her only involvement was indirect as a function of her managerial role. Rodriguez did not owe an independent duty of reasonable care to the Plaintiff apart from CT Restaurants, L.P.'s duty of care. The state court petition does not provide any reasonable basis to determine that the Plaintiff has a viable cause of action against Rodriguez under Texas state law. Therefore, Rodriguez's citizenship should be disregarded for purposes of determining diversity jurisdiction because she was improperly

joined in this lawsuit by the Plaintiff.

**Amount in Controversy**

10.     The amount in controversy exceeds $75,000.00, exclusive of interest and costs.  Plaintiff has asserted claims for past and future physical pain and suffering, past and future mental anguish, past and future physical impairment, and past and future medical expenses.  Accordingly, it is "facially apparent" that Plaintiff's claims likely exceed $75,000.00, which is all that is required to satisfy the amount in controversy requirement. *See Allen v. R&H Oil & Gas Co.,* 63 F. 3d 1326, 1335 (5th Cir. 1995).

**Timeliness of Removal**

11.     CT Restaurants, L.P. was served with Plaintiff's Original Petition on November 21, 2023, and Mayda Rodriguez was served with a citation on November 21, 2023. The service of citation on CT Restaurants, L.P. on November 21, 2023 was the first notice that CT Restaurants, L.P. received of this action. Therefore, this action is removed within thirty days of receipt by CT Restaurants, L.P. of Plaintiff's Original Petition in this action and is timely filed under 28 U.S.C. § 1446(b).

**Notice.**

12.     Written notice of the filing of this notice of removal will be filed with the state court and provided to other parties as required by law.

**Attachments pursuant to local rules**

13.     In accordance with federal statute and local rules, attached as appendices hereto are:

A.     Index of matters being filed.

B.      List of all counsel of record, including their addresses, telephone numbers and parties represented.

C.      A true and correct copy of the docket sheet of the state court action.

D.      A true and correct copy of all executed process, pleadings asserting causes of action, and orders signed by the state judge filed in the court from which removal is sought.

WHEREFORE, PREMISES CONSIDERED, the defendants hereby give notice of removal of this action to this Honorable Court.

Respectfully submitted,

 /s/ Rick A. Zuniga
Rick A. Zuniga
Attorney in charge for Defendants
Federal ID No. 168286
State Bar No. 24084148
rzuniga@atlashall.com
818 W. Pecan Blvd. (78501)
P.O. Box 3725
McAllen, Texas 78502
Telephone No. 956/682-5501
Telecopy No. 956/686-6109

OF COUNSEL:

Susan A. Sullivan
State Bar No. 11546700
Federal ID No. 13144
ssullivan@atlashall.com
Atlas, Hall & Rodriguez, LLP
818 W. Pecan Blvd. (78501)
P.O. Box 3725
McAllen, Texas 78502
Telephone No. 956/682-5501
Telecopy No. 956/686-6109

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document was sent by electronic service on December 14, 2023 to opposing counsel as follows:

Ryan C. Solis
RYAN SOLIS LAW GROUP
464 W Hidalgo Avenue
Raymondville, Texas 78580
Email: ryan@rsolislaw.com
Attorney for Plaintiff

_____ */s/ Rick A. Zuniga* _____
Rick Zuniga